FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 01, 2023

SEAN F. McAVOY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

IMPRISONED ALVIN HEGGE AND
FALSE IMPRISONED ALVIN HEGGE,

Plaintiff(s),

vs.

Cause No: **2:23-cv-00346-RMP**

JAY INSLEE, ROBERT FERGUSON,
TODD COLEMAN, DALE CALDWELL,
JOHN THOMPSON, RNW ESCHBACH,
RICHARD MORGAN, ROBERT HERZOG,
MARGRET GILBERT, TIM THRASHER,
ARLEE ROTHWELL, DENNIS CHERRY,
GREGORY JONES, DENNISE BREWER,
STEVEN SINCLAIR, JOHN ALDANA,
KERRI MCTARSNEY, ANICA MIZIN,
TOMAS P. FITHIAN, RON HAYNES,
KELLY DOWNING, JENEVA COTTON,
SCOTT RUSSELL, BARRY DEHAVEN,
VALINTINA LOPEZ, JAMES JOLLY,
ERIN LYSTAD, DANIEL VAN OGLE,
R. HERRINGTON MD, CARLOS LUGO,
WA JOHN DOE SECRETARY OF STATE,
JOHN DOE AT WA HEALTH DEPARTMENT,
CORRECTIONAL INDUSTRIES, PAM PURDUE,
GRAYS HARBOR COUNTY HEALTH DEPARTMENT,
MICHELLE PETERSON, BARBARA ROTHSTEIN,
RICHARD CREATURA, TYLER CAMPBELL,
DENIS DAHNE, RICHARD ROBERTS,
JOHN THOMPSON, DOUG MATTHEWS,
HOWARD YARDELY, WILLIAM LANE,
RICHARD ESTES, RANDAL MIEKLER,
CHANDLER MARTIN, JASON COUEY,
DONALD MILLER, DAVID PARTOVI,

Defendant(s),

REQUEST FOR CLASS
CERTIFICATION UNDER
FED.R.CIV.P. 23(c)

CIVIL RIGHTS COMPLAINT WITH JURY TRIAL DEMAND UNDER
PROVISIONS OF TITLE 42 U.S.C. §§ 1983, 1985 AND 1986

## VENUE

Defendant(s) Jason Couey, Donald Miller, and David Partovi
all reside in the Eastern District of Washington, therefore
Venue is proper in the Eastern District of Washington for
this Civil Rights Complaint, see 28 U.S.C. § 1391:

(B) Venue in General, A civil action may be brought in-

(1) A judicial district in which any defendant
resides, if all defendants are residents of the
State in which the district is located.

## REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff(s) Alvin Hegge requests this Federal District Court to appoint counsel for the litigation of this Civil Rights Complaint, inter alia, based on the fact that Plaintiff(s) incarceration would severely restrict Plaintiff(s) ability to comply with all of the discovery and court pleading rules and requirements.

## PLAINTIFF(S) NAMES AND ADDRESS

Plaintiff's legal personage of imprisoned Alvin Hegge and legal personage of false imprisoned Alvin Hegge both have the same address of: Stafford Creek Corrections Center, 191 Constantine Way, Aberdeen, Washington 98520.

## DEFENDANT(S) NAMES AND ADDRESSES

Jay Inslee, P.O. Box 40002, Olympia, WA 98504-0002.

Robert Ferguson, P.O. Box 400116, Olympia, WA 98504-0116.

Robert Herzog, Tim Thresher, Steven Sinclair, Richard Morgan, Dale Caldwell, Scott Russell, Tomas P. Fithian, Carlos lugo, John Aldana, P.O. Box 41100, Olympia, Washington 98504-1100.

Individual Capacity John Doe Secretary of State, P.O. Box 40220, Olympia, Washington 98504-0220.

Individual Capacity John/Jane Doe and/or John/Jane Doe(s) at Washington State Department of Health, Public Health Department, 111 Israel Rd. SE, Tumwater, Washington 98501.

Municipality Legal Personage Grays Harbor County Public Health Department, 2109 Summer Ave. #201, Aberdeen, Washington 98520.

Municipality Legal Personage Correctional Industries, P.O. Box 41107, Olympia, Washington 98504-1107.

SCCC Superintendent Ron Haynes, Jeneva Cotton, Margaret Gilbert, John Thompson, R. Herrington MD, %N3 Eschbach, Erin Lystad, Daniel Van Ogle, Dennis Dahne, Kerri S.Ct. McTarsney, Arlee Rothwell, Dennis Cherry, Gregory Jones, Dennise Brewer, Kelly Downing, Valintina Lopez, Barry DeHaven, Todd Coleman, Anica Mizin, James Jolly, Pam Purdue, Dennis Dahne, William Lane, Paul Nelson, Doug Mathhews, Howard Yardely, Richard Roberts, Richard Estes, Randal Miekler, and Chandler Martin, Stafford Creek Corrections Center, 191 Constantine Way, Aberdeen, Washington 98520.

Donald Miller, and David Partovi, 900 N. Maple, STE. LL, Spokane, Washington 99201.

Jason Couey, 400 S.Ct. Jefferson St. Ste. 204, Spokane, Washington 99204.

Richard Creature, Tyler Campbell, Michelle Peterson, and Barbara Rothstein, 1717 Pacific Avenue, Tacoma, Washington 98402.

(2)

## SCOPE OF DISTRICT COURT JURISDICTION

This Civil Rights Action is filed under the jurisdictional zone of interest of Title 42 U.S.C. §§ 1983 and 1985, giving rise to federal question jurisdiction, see Title 28 § 1331. Federal question:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

The scope of federal court jurisdiction as found in the United States Constitution under Article III, Section 1, is restricted by the Eleventh Amendment:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

This civil Rights Complaint is filed exclusively against individual capacity Defendant(s) legal personage, and specifically is not conferring any jurisdiction to this District Court over any official capacity legal personage; thereby the Washington Attorney General lacks lawful representative authority and/or standing to appear on behalf of any of the individual capacity or municipal capacity Defendant(s) in this civil rights complaint. However, individual capacity Defendant(s) may present an official capacity defense to the jury at trial on the merits, and call the Attorney General as a witness to establish any defense that alleged individual capacity challenged conduct was carried out pursuant to valid State policy or law; however, taking into account that an individual purporting to be acting under color of State law, that acts in violation of the United States Constitution or law, loses his or her representative authority and places their personal assets at risk.

Plaintiff(s) have alleged Defendant(s) participated in a § 1985 conspiracy which in and of itself is a substantive offense conceptually distinct from a conspiracy theory of liability under § 1983 which requires proof of the substantive offense alleged; whereas a Title 42 U.S.C. § 1985(2) and (3) civil conspiracy is the counterpart to Title 18 U.S.C. §§ 241 and 242 criminal conspiracy and affords no judicial, quasi judicial, prosecutorial, qualified and/or good faith immunity to any of the named Defendant(s).

Service upon each individual capacity legal personage Defendant is essential to confer personal jurisdiction over the "Defendant(s) upon this District Court, and any waiver of service cannot be waived by any attorney of the individual capacity Defendant(s), nor the Washington State Attorney Generals Office.

SERVICE OF PROCESS IS ESSENTIAL CONDITION PRECEDENT
BEFORE A COURT HAS COMPETENT JURISDICTION OVER THE
NAMED DEFENDANT(S) AND THE SUBJECT MATTER CONDUCT
THAT THE DEFENDANT(S) ARE ACCUSED OF COMMITTING

Service of Civil Rights Complaint is an essential condition precedent before a federal District Court has competency to exercise jurisdiction over the named Defendant(s) and the subject matter said named Defendant(s) are accused in the Civil Rights Complaint of committing, see Fed.R.Civ.P. Rule 3 Notes of Advisory Committee:

> This rule provides that the first step in an action is the filing of the complaint. Under Rule 4(a) this is to be followed forthwith by issuance of a summons and its deliver to an officer for service.

> To commence action it is necessary that Rules be complied with, that complaint be filed, summons issued and service be made as prescribed by rules, action cannot be commenced by securing order to show cause, Warren v. Azt, 18 F.R.D. 11 (D.Ny. 1955); Application of Royal Bank of Canada, 33 F.R.D. 296, 76 Fed. R. Serv. 2d (Callaghan 525 (S.D.Ny. 1963)(Holding that an action is not commenced until the complaint if filed and the summons served upon defendant); In re Drake, 2018 U.S. Dist. Lexis 25800 (2018)(No civil action is pending until complaint has been served on Defendants).

Omni Captial, Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S,Ct. 404, 98 L.Ed.2d 415 (1987):

> Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.

Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-445, 66 S.Ct. 242, 90 L.Ed. 185 (1946):

> Service of summons is the procedure by which a court ... asserts jurisdiction over the person of the party served.

Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999):

> Service of process is fundamental to any procedural imposition on a named defendant. In the absence of service of process (or waiver of service by the
> Page 1

defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.

This simply means that before a Federal District Court is competent to exercise Article III jurisdiction, which encompasses the statutory zone of interest as well as the named Defendant and the named Defendant(s) challenged conduct, service of process on the Defendant(s) must have transpired, because a Federal Court is forbidden from exercising hypothetical jurisdiction, see Ins. Corp. Of Ireland v. Compagnie Des. Bauxities, 456 U.S. 484, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982):

> Validity of an order of a federal court depends upon the court's having jurisdiction over both the subject matter and the parties, and whether or not a plaintiff's certain claims are redressible under subject matter zone of interest conferring statutory jurisdiction upon a federal court necessarily defines the scope of subject matter jurisdiction, and the subject matter jurisdiction is an Article III as well as a statutory requirement.

Steel Co. v. Citizens For A Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 2100 (1998):

> Federal court may not via doctrine of 'hypothetical jurisdiction,' decide a cause of action before resolving whether court has Article III Jurisdiction.

In other words, prior to service of process on each named Defendant, any decision made by the federal court involving any of the named Defendant(s) and/or the subject matter conduct the named Defendant(s) are accused of committing, giving rise to the Civil Rights Complaint is null and void for lack of competent jurisdiction, and not binding on the named Defendant(s), Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940):

Page 2

A person is not bound by a judgment in persons in persona in a litigation in which he ... has not been made a party by service of process.

Lee v. Western Processing Company, 35 Wn.App. 466, 667 P.2d 638 (1983):

Proper service of the summons and complaint was necessary to invoke the court's jurisdiction ... a judgment entered without jurisdiction over the parties is void.

Napier v. Hawthorn Brooks, Ind., 449 F.Supp. 576 (1978):

Unless a party waives service of process and submits himself to the court's jurisdiction, proper service is required in order for a court to acquire jurisdiction.

Jaynes v. Jaynes, 496 F.2d 9 (1974):

District court has no jurisdiction, because presence of venue does not dispense with necessity for service in order to acquire personal jurisdiction.

A District Court has an affirmative duty to conduct service of process on named Defendant(s) to facilitate competency to exercise jurisdiction over the subject matter, absent service of process, a Judge is functioning in the absence of lawful jurisdiction, thereby said judge has no judicial immunity, Pratt v. Hurley, 79 F.2d 60 (7th Cir. 1996)(quoting Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257 (1821):

Courts have no more right to decline exercise of jurisdiction which is given, than to usurp that which is not given.

see also Deakins v. Monaghan, 484 U.S. 193, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988):

Courts have a virtually unflagging obligation to exercise the full extent of the Court's jurisdiction.

Franklin v. Guinnett County Public Schools, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992):

Where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.

Page 3

## PLEADING REQUIREMENTS HAVE BEEN SATISFIED

Plaintiff Alvin Hegge has attached hereto and hereby incorporates herein by reference attached Appendix, under authority and application of Fed.R.Civ.P. Rule 10. Form of Pleadings.

(c) Adoption by Reference; Exhibits. Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes.

This Third Amended Complaint is filed pursuant to the ongoing jurisdiction as determined by the Ninth Circuit Court of Appeals and Fed.R.Civ.P. Rule 15. Amended and Supplemental Pleadings.

Within the spirit and intent of Fed.R.Civ.P. Rule 17. "Parties Plaintiff and Defendant; Capacity," Plaintiff Alvin Hegge and each herein named Defendant are real parities in interest; notwithstanding that Alvin Hegge also appears in legal personage of functional next friend of prior Plaintiff Jeffrey ?Ziegler based on Ziegler's ADA qualified mental and legal disability, which is integral to claims herein presented, see Rule 17(a) and (c).

Plaintiff(s) have properly joined all claims and remedies within the meaning of Fed.R.Civ.P. Rule 18. Joinder of Claims and Remedies:

(a) Joinder of Claims. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Plaintiff Hegge believes that he has named all essential "Persons Needed for Just Adjudication," within meaning of Fed.R.Civ.P. Rule 19; and have properly joined all persons and/or Defendant(s) necessary for adequate adjudication of this Civil Rights Complaint, in compliance with Fed.R.Civ.P. Rule 20. Permissive Joinder of Parties:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons with arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

FED.R.CIV.P. 8 CONTROLLING SUPREME COURT PRECEDENT

Swierkicwicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002):

     To provide a short and plain statement of the claim showing that the pleader is entitled to relief, as is required to satisfy pleading requirements, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests; under simplified standard for pleading set forth in Federal Rules of Civil Procedure, a court may dismiss a complaint only if it is clear that no relief could be proved consistent with the allegations; if a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement before responding, and moreover, claims lacking merit may be dealt with through summary judgment; Federal Rules of Civil Procedure establish a pleading standard without regard to whether a claim will succeed on the merits, and while it may appear on the face of the pleading that a recovers is very remote and unlikely, that is not the test in determining whether a complaint is sufficient.

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1084 (2007)(Per Curian):

     Fed.R.Civ.P. 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary, the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Johnson v. City of Shelby, 574 U.S. 10, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014)(Per Curian):

     We summarily reverse. Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2) ... no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional right to invoke § 1983 expressly in order to state a claim. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)("A federal court may not apply a standard more stringent than the usual pleading requirements of Rule 8(a)" in "civil right cases alleging municipal liability"); Swierkicwicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)(Imposing a "heightened pleading standard in employment discrimination cases conflicts with federal Rule of Civil Procedure 8(a)(2)").

LEGAL THEORIES OF PROSECUTION IN THIS CIVIL RIGHTS COMPLIANT

Herein named Plaintiff(s) allege that herein named Defendant(s), one and all, entered into an unlawful explicit and/or implicit agreement to violate Plaintiff(s) Constitutionally protected rights, privileges and immunities, supported by attached Exhibits (1) through (20), encompassing approximately two hundred and seventy to three hundred pages of documentary evidence.

Defendant(s) are sued only in their individual capacity and do not enjoy any Eleventh Amendment immunity, because there is no official capacity legal personage allegations in this Title 42 U.S.C. §§ 1983 and 1985 lawsuit.

Plaintiff(s) are charging a conspiracy under § 1985 where the act of one Defendant is the act of all Defendant(s) under the so-called Pinkerton theory; and it will be a jury question as to whether there is multiple conspiracies under the Supreme Court's decision in Broce or a single conspiracy no matter how diverse its objectives under the Supreme Court's Braverton theory.

As to the substantive violations alleged, Plaintiff(s) will prove at jury trial on the merits that Defendant(s) acted in dual and/or multiple legal personages in carrying out their alleged constitutional wrongs, by vehicle of conspiracy and/or aiding and abetting with purpose to accomplish a unlawful objective through lawful means, accomplish a lawful objective through unlawful means, and/or accomplish and unlawful object through unlawful means; whereas Defendant(s) challenged conduct will be proven to be interrelated and/or interdependent on various unlawful objectives and/or as applied to various substantive offenses and/or causes of actions herein charged.

Plaintiff(s) allege that herein named supervisory legal personage Defendant(s) have each either participated directly and/or indirectly in the herein alleged constitutional wrongs, and/or failed to act to correct said constitutional wrong and/or wrongs once supervisor was made aware of said alleged constitutional wrongs.

Plaintiff(s) allege that each individual Defendant, including but not limited to Defendant(s) from, or acting in behalf of, the Washington Attorney Generals Office, are not entitled to representation within the purview of Chapter 4.92 RCW, and any purported representation by the Washington Attorney General's Office, purportedly pursuant to DOC 130.200, will be challenged on its face, and as applied to requirement that Defendant(s) requesting representation by the State of Washington, that any such Defendant would have to relinquish control and direction of case in its entirety which as matter of law constitutes subrogation.

## SCOPE OF SUPERVISORY LIABILITY

Spencer v. Dee, 139 F.3d 107 (2nd Cir. 1998):

> Supervisors may be 'personally involved' in constitutional torts of their supervisees if: (1) supervisory official, after learning of violation, failed to remedy the wrong; (2) supervisory official created policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue; or (3) supervisory official was grossly negligent in managing subordinates who caused unlawful condition or event.

Barreto-Rivera v. Medine-Vargas, 168 F.3d 42 (1st Cir. 1999):

> A supervisor may be found liable under § 1983 if the supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional right of others. Even if a superior lacks actual knowledge of censurable conduct, he may be liable under § 1983 for the foreseeable consequences of such conduct if he would have known of it but for his deliberate indifference or willful blindness, and if he had the power and authority to alleviate it.

United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966):

> The federal civil rights statute (18 U.S.C. § 241), which makes a conspiracy to interfere with a citizens right or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States a criminal offense, must be accorded a sweep as broad as its language; this language includes rights under the due process clause of the Fourteenth Amendment.

Felder v. Casey, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988):

> Under the Supremacy Clause of the Federal Constitution, the relative importance to the State of its own law is not material when there is a conflict with a valid federal law, for any State law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield.

CSX Transp., Inc. v. Easterwood, 507 U.S. 658, 1123 S.Ct. 1732, 123 L.Ed.2d 387 (1993)("State laws are preempted where they conflict with or frustrate federal law")

Rios v. Lane, 812 F.2d 1031 (7th Cir. 1987)("Government officials are charged not only with knowledge of general legal principles, but also with their application in similar or analogous circumstances")

## JUDICIAL IMMUNITY DOES NOT EXTEND TO DECISIONS OF A JUDGE THAT ARE NULL AND VOID FOR LACK OF COMPETENT JURISDICTION

Mireles v. Waco, 509 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1995):

Judicial immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for non judicial actions, that is to say actions not taken in the judge's judicial capacity. Second a judge is not immune for actions though judicial in nature, taken in complete absence of all jurisdiction.

U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980):

Whenever a judge acts where he or she does not have jurisdiction to act, the judge is engaged in an act or acts of treason.

Eliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1878):

[The judgments and orders] are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them, they constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers.

Von Kettler et al. v. Johnson, 57 Ill. 109 (1870):

If the magistrate has no such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers.

The Peiople v. Brewer, 128 Ill. 472, 483 (1928):

If a court could not hear the matter upon the jurisdictional paper presented, its findings that it had the power can add nothing to its authority, it had no authority to make that finding.

Yates v. Village of Haffman Estates, 209 F.Supp. 767 (N.D. Ill. 1962):

Not every action by a judge is an exercise of his judicial function.... It is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse.

Merritt v. Welsh, 104 U.S. 694, 702, ___ S.Ct. ___, 26 L.Ed. 896 (1881)("It has been said with much truth, 'where the laws ends, tyranny begins'")

Page 1

In re Sawer, 124 U.S. 200, 18 S.Ct. 482, 31 L.Ed. 402 (1888):

Therefore, if a judge does not fully comply with the constitution, then that judge's orders are void.

Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision is correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it at without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void.

A court of equity has no jurisdiction of a bill to stay criminal proceedings.

State ex rel. Danielson v. Village of Mound, 234 Minn. 531, 543, 48 N.W.2d 855, 863 (1951):

Usurpation is defined as unauthorized arbitrary assumption and exercise of power.

Blakely v. Washington, 542 U.S. 296, 327, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004):

"The boundary between an error in judgment and the usurpation of judicial powers is this: the former is reversible by an appellate court and is, therefore, only voidable, which the latter is a nullity." State v. Mandehr, 209 N.W. 750, 752 (Minn. 1926). "To take jurisdiction where it clearly does not exist is usurpation, and no one is bound to follow acts of usurpation, and in fact is a duty of citizens to disregard and disobey them since they are void and unenforceable." Booker v. Boles, 346 Fed.2d 285, 286 (1965).

U.S. v. Lanier, 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 437 (1997):

The government filed an application for writ of certiorari to the United States Court of Appeals for the Sixth Circuit to challenge its reversal of respondent criminal's conviction under 18 U.S.C.S. § 242 for violating the constitutional rights of five women by assaulting them sexually while serving as a state judge.

Statute that makes it criminal to act willfully and under color of state law to deprive person of rights protected by Constitution or laws of United States encompasses rights protected by due process clause of Fourteenth Amendment. 18 U.S.C. §§ 241 & 242.

Page 2

(12)

Forester v. White, 484 U.S. 219, 100 S.Ct. 538, 98 L.Ed.2d 555 (1988):

    Because a state-court judge was acting in an administrative capacity when he demoted and discharged a female probation officer, the judge does not have absolute immunity from a damages suit, under 42 USCS 1983, in which the former probation officer alleges that the judge demoted and discharged her on account of her sex, in violation of the equal protection clause of the Federal Constitution's Fourteenth Amendment.

    Holding that a Judge is not afforded immunity for hiring or firing a probation officer even though statutorily within its duties, under "functional analysis" because it is not traditionally a judicial function.

Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997):

    With regards to a judge whose taking of bribes from some criminal defendants not only renders the judge biased against the state in those cases, but also induces a sort of compensatory bias against defendants who do not bribe the judge -so that the judge may avoid being seen as uniformly and suspiciously "soft on criminal defendants-such compensatory, camouflaging bias violates the due process clause of the Federal Constitution's Fourteenth Amendment.

In Re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed.2d 942 (1955):

    Fairness of course requires an absence of actual bias ... but our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome.

Tumey v. State of Ohio, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed.2d 749 (1927):

    Every procedure which would offer a possible temptation to the average man as a judge not to hold the balance nice, clear, and true between the State and the accused denies the latter Due Process of Law.

Offut v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed.2d 11 (1954):

    These are subtle matters for they concern the ingredients of what constitutes justice. Therefore justice must satisfy the appearance of Justice.

Page 3

U.S.C. 42 § 1985. Conspiracy to Interfere With Civil Rights.

(2) Obstructing Justice; Intimidating Party, Witness, or Juror. If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property of lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving Persons of Rights or Privileges. If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, and person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing, or hindering the constituted authorities of any State or Territory from giving or serving to all persons within such State of Territory the equal protection of the laws; or if two or more persons conspire to prevent for force, intimidation, or threat, any citizen who is lawfully entitled to vote, for giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section if one or more persons engaged therein, do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States; the party so injured or deprived may have an action for recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

## TITLE 42 U.S.C. § 1985 CONSPIRACY ALLEGATIONS
## STRIPS STATE OFFICIALS OF ANY TYPE OF IMMUNITY

Bender v. Williamsport Area School District, 475 U.S. 534, 542, n. 6, 106 S.Ct. 1326, 1332, n. 6, 89 L.Ed.2d 50-51 (1986):

> Acts performed by the same person in two different capacities are generally treated as the transactions of two different legal personages.

Karcher v. May, 484 U.S. 72, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987):

> The concept of legal personage is a practical means of identifying the real interest at stake in a lawsuit. We have repeatedly recognized that the real party in interest in an official capacity suit is the entity represented and not the individual office holder.

Popasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986):

> This holding [Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)] is based on a determination that an unconstitutional state enactment is void and that any action by a state official that is purportedly authorized by that enactment cannot be taken in an official capacity since the State authorization for such action is a nullity. As the Court explained in Young itself: "If the act which the State Attorney General seeks to enforce be a violation of the Federal Constitution the officer proceeding under such enactment comes into conflict with the superior authority of the Constitution, and he is in that case stripped of his official representative character and is subjected in his person to the consequences of his individual conduct. The state has no power to impart to him any immunity from responsibility to the supreme authority of the United States. Id. at 159-160, 52 L.Ed. 714, 28 S.Ct. 441. Thus, the official, although acting in his official capacity, may be sued in federal court. See also Pennhurst supra at 102, 105, 79 L.Ed. 676, 104 S.Ct. 90; Hatto v. Finney, 437 U.S. 678, 692, 57 L.Ed.2d 522, 98 S.Ct. 2565 (1978)".

Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)("Misuse of power because wrongdoer was clothed with the authority of State law, of which strip defendants of official or representative character subjecting them to personal consequences")

Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991)("State officers sued in their personal capacity come to court as individuals")

Page 1

Moreau v. Klevanhagan, 508 U.S. 22, 113 S.Ct. 1905, 123 L.Ed.2d 584 (1993)(An attorney must have "lawful representative authority")

Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)(Attorney-Client is traditional agency law relationships governed by "traditional agency law criteria for identifying master-servant relationship")

Kay v. Ehrler, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991)("The word attorney assumes an agency relationship")

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)("A suit challenging the constitutionality of a state official's action is not one against the state within the meaning of the Eleventh Amendment immunity of a state from suit")

Hampton v. Hanrahan, 600 F.2d 600 (7th Cir. 1979), reversed on other grounds 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)(Distinguishing between legal personage of acting as federal agent and State agent resulting from conspiracy with State agent, the federal agent assumed the legal personage of State agent through conspiracy)

Tower v. Glover, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984)(Distinguishing between the legal personage of a "private person" attorney and legal personage resulting from conspiring with State actor elevating "private person" attorney legal personage to under color of State law within the meaning of Title U.S.C. § 1983)

Forester v. White, 484 U.S. 219, 100 S.Ct. 538, 98 L.Ed.2d 555 (1988)(Holding that a Judge is not afforded immunity for hiring or firing a probation officer even though statutorily within his duties, under "functional analysis" because it is not traditionally a judicial function)

Kay v. Ehrler, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991)(Distinction between attorney in functional capacity as providing assistance to someone else and appearing pro se representing himself regarding "legal personage" distinction between individual capacity liability and official capacity liability under the law)

Karcher v. May, 484 U.S. 72, 108 S.Ct. 288, 98 L.Ed.2d 317 (1987)(Method of distinguishing "legal personage" pursuant to "functional analysis")

United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966):

      Private individuals were criminally liable under §

Page 2

242, if they were willful participants in joint activity with the State or its agents ... § 241 reached assaults upon rights under the entire Constitution, including rights under the due process clause of Fourteenth Amendment," 18 U.S.C. §§ 241 & 242.

U.S. v. Lanier, 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 437 (1997):

Statute that makes it criminal to act willfully and under color of state law to deprive person of rights protected by Constitution or laws of United States encompasses rights protected by due process clause of Fourteenth Amendment. 18 U.S.C. §§ 241 & 242.

Owen v. City of Independence, Mo., 446 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980):

Governmental entity has no immunity from liability under the Civil Rights Act flowing from its constitutional violations and may not assert the good faith of its officers as a defense to such liability.

Wyatt v. Cole, 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992):

Qualified immunity was not available to private litigant and his attorney in § 1983 action against them for securing relief under Mississippi replevin statute, later determined to be unconstitutional. 42 U.S.C.A. § 1983.

Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 111 S.Ct. 2077, 115 L.Ed.2d 965 (1991):

Test to determine whether constitutional deprivation caused by private party [individual functioning in legal personage of "conspirator"] involves "state action" is whether claimed deprivation resulted from exercise of a right or privilege having its source in state authority, and whether private party charged with the deprivation can be described in all fairness as state actor.

Jones v. City of Chicago, 856 F.2d 985 (7th Cir. 1998):

Requirements for establishing participation in a conspiracy are the same as in a criminal or civil case in which conspiracy is a substantive wrong.

Rios v. Lane, 812 F.2d 1031 (7th Cir. 1987):

Government officials are charged not only with knowledge of general legal principles, but also with their application in similar or analogous circumstances.

Page 3

## SYNOPSIS OF EXHIBITS IN SUPPORT OF CAUSES OF ACTION

Plaintiff(s) have attached hereto, and hereby incorporate herein by reference, Exhibits (1) through (17) of which are pagnated sequentially as an Appendix hereto, in part because of the complex interwoven interdependent application of such relevant and material facts to the various causes of actions encompassed in this Tile 42 U.S.C. §§ 1983 and 1985 Civil Rights Complaint, premised on conspiracy, aider and abettor and principal theories of liability.

(1) Plaintiff(s) are herein alleging material facts supporting that each named Defendant has violated each named Plaintiff(s) rights privileges and immunities guaranteed and protected by the United States Constitution, that Plaintiff(s) have suffered and are suffering ongoing injury, that Defendant(s) have proximately caused Plaintiff(s) said injury, and that each named Defendant is being sued only in Defendant(s) individual capacity in this lawsuit, and Plaintiff(s) have introduced relevant evidence encompassed in attached Appendix, in support of said material facts at issue, see Appendix page 1 entitled: "LEGAL THEORY OF PROSECUTION WITH ATTACHED FACTUAL BASIS."

(2) Plaintiff(s) allege material facts that is using a pesticide sanitizer in violation of State and Federal Law by using the pesticide santizer on porous Inmate eating utensils, see Appendix pages (2-5) "KITCHEN SANITIZING DISHES RESEARCH," inter alia, based on the factual allegations found in Appendix pages (6-11) "UNLAWFUL AND UNCONSTITUTIONAL USE OF POISONOUS CHEMICALS TO SANITIZE POROUS INMATE FOOD TRAYS," page (8) in pertinent part:

### CONCLUSION

It is incumbent upon this Department of Correction Ombudsman Office to investigate and resolve the foregoing claims and issues, because as clearly evidenced by the foregoing, the SCCC Grievance Department is so corrupted by Grievance Coordinator McTarsney's conduct that it has become a sanctuary for unlawful and unconstitutional SCCC Staff conduct.

(3) Plaintiff(s) allege material facts that are encompassed in Tort Claim dated 11/17/16, see Appendix pages (12-17), claiming widespread "epidemic of Inmate medical problems caused by the unlawful use of said chemicals for months," making the State of Washington aware of said inherently dangerous use of pesticide chemicals to clean dishes Inmates have to eat from, e.g., page (17), in pertinent part:

### CONCLUSION

Complainants are currently at serious peril for both short term and long term adverse affects of the above

Page 1

described chemicals being unlawfully and
unconstitutionally administered to Complainants through
contamination of porous plastic food trays, cups and
sporks; as it is well established that said chemicals
being unlawfully administered to Complainants are known
to cause cancer and other life threatening condition."

resulting in said Tort Claim being dismissed by WA Office of
Risk Management as the allegations and conduct not falling
under the purview of Chapter 4.92 RCW as not conducted
within official capacity legal personage of the person
committing the challenged conduct, see pages (18-19).

(4) Plaintiff(s) allege material facts that SCCC medical,
security and food service officials express consciousness of
guilt by feeding prison staff from paper plates while
refusing to allow Inmates to eat from paper plates, e.g.,
page (20-22).

(5) Plaintiff(s) allege material facts that a "FORMAL
COMPLAINT AGAINST STAFFORD CREEK CORRECTIONAL CENTER FOR
UNLAWFUL USE OF DANGEROUS CANCER CAUSING CHEMICALS" was sent
to WA Governor Inslee, WA Secretary of State, WA AG Robert
W. Ferguson, WA State Department of Health, EPA Washington
Operations Office, Grays Harbor County Health Department,
see Appendix pages (23-28), along with supporting evidence,
see pages (29-33); of which were received and responded to
in various ways, such as the Health Department lacks
jurisdiction, no name was provided for the Secretary of
State, WA Attorney General Office provides legal assistance
to Office of Risk Management who was not served, all
evidencing a callous disregard concerning violations of
Plaintiff(s) clearly established statutory and
constitutional rights, see Appendix pages (34-43). See also
pages (44-65) whereas WA Office of Risk Management
determined that the conduct alleged therein was individual
capacity conduct and did not fall within purview of Chapter
4.92 RCW official capacity legal personage.

(6) Plaintiff(s) allege material facts that WA DOC Ombudsman
Office was made aware of the threat to Inmate safety and
welfare concerning the "UNLAWFUL AND UNCONSTITUTIONAL USE OF
POISONOUS CHEMICALS TO SANITIZE POROUS INMATE FOOD TRAYS,"
and the deprivation of Inmate access to our courts rights to
seek relief and redress, compounded by the retalitory
conduct of Defendant(s), and the DOC Ombudsman Office chose
to ignore all the constitutional violations, see Appendix
pages (66-77).

(7) Plaintiff(s) allege material facts that a portion of
herein named Plaintiff(s) filed a Citizen Criminal Complaint
Under Provisions of CrRLJ 22.1(c) against numerous herein
named Defendant(s), claiming inter alia, that Defendant(s)
seized Alvin Hegge's legal files and records to prevent

Page 2

(19)

Plaintiff(s) from seeking relief and redress in our courts, inter alia, regarding the unlawful and dangerous to Inmate health, use of pesticides on porous food trays and drinking cups, filed against several herein named Defendant(s), pages (78-100). See also, Tort Claim filed by Alvin Hegge dated 1/22/18 requesting relief in the form of: "I am requesting one hundred dollars a day for each day I am deprived access to my legal documents seized on or about 1/18/17, 5/6/17 and 8/15/17, Appendix pages (100-110). See also Tort Claim filed by Alvin Hegge, dated 5/14/18 encompassing the legal files and records of several herein named Plaintiff(s), see pages (117-118) identifying numerous Inmates who had their legal files and records seized from the prison cell of Alvin Hegge, inter alia, to prevent advancement of litigation regarding the inherently dangerous SCCC dish cleaning practices, that causes Plaintiff(s) to have to consume harmful chemicals mixed in with their food, see pages (111-119).

(9) Plaintiff(s) allege material facts that Plaintiff(s) have made the WA Governor's Ombuds Office aware of the unlawful and unconstitutional dish washing practices in the SCCC kitchen, by document entitled: "REQUEST FOR IDENTIFICATION OF PROPER GRIEVANCE PROCESS FOR FILING GRIEVANCE AGAINST SCCC FOOD SERVICES, DATED 7/4/19, see Appendix pages (119-120); and based on the Governor's Ombuds Office failing to prevent further ongoing injury of Plaintiff(s), Alvin Hegge filed another Tort claim, Appendix pages (122-129), in part, attempting to resolve the inherent legal personage questions underlying this lawsuit, wherein Alvin Hegge stated in pertinent part:

(page 1):
Above named Defendant (s) are each sued only in their Official Capacity which as matter of law is a lawsuit against DOC State of Washington and/or other Washington State agencies, based on Policy and Policy Maker liability conferring competent jurisdiction upon the Department of Enterprise Services Risk Management Division for determination as an essential condition precedent to filing a State or Federal Title 42 U.S.C. § 1983 Civil Rights Complaint, relevant to the Eleventh Amendment of the United States Constitution where immunity lies only in federal court; with Claimant(s) herein requesting specific legal personage determination regarding each named Defendant.

(page 8)
Above named Complainant(s) are suffering current, ongoing and long term injury proximately caused by SCCC-CI Kitchen unlawful and unconstitutional above described conduct and procedures material to the cleaning and sanitizing of the food trays, sporks and cups SCCC Inmates are forced to consume food with.

Page 3

Complainant(s) have exhausted all administrative remedies within the meaning of the federal Prison Litigation Reform Act for the past three years and so far Defendant(s) have ignored facts and circumstances giving rise to this Tort Claim.

It is unclear to Complainant(s) whether or not Washington Department of Corrections is directly and/or indirectly responsible for Complainant(s) above described short term and potential long term injury; and/or whether of not Correctional Industries is solely responsible for Complainant(s) above described injury for failing to correct the above described SCCC Kitchen Health Hazard.

It is further unclear why the Grays Harbor and Washington State Health Departments failed to investigate and correct the above described health hazard problems after being informed thereof in 2016 by Formal Complaints filed by Alvin Hegge; however, it is clear to Complainant(s) that above named DOC Defendant(s) relying on alleged approval by said Health Departments of the dish cleaning system, confers vicarious liability upon said two Health Departments constituting a proximate cause of the injuries suffered by Complainants.

See also, Appendix pages (130-135), a document entitled "NOTICE OF SEVERE HEALTH HAZARD AT SCCC-CI FOOD SERVICE," sent to Governor Jay Inslee et al., inter alia, explaining that the three tank dish washing system being utilized effectively causes Inmates to have to ingest the harmful pesticide chemicals while at the same time diluting the sanitizer that is supposed to kill the harmful bacteria.

(10) Plaintiff(s) allege material facts that although the Department of Enterprise Services, Office of Risk Management did provide Tort Claim #3101000297, they claimed lack of evidence, having denied several previous Tort Claims, but then requested more documentation, see Appendix (136); which was provided comprehensively by Alvin Hegge, see Appendix pages (137-170); and then never followed through with an investigation, see Appendix pages (171-197).

(11) Plaintiff(s) allege material facts that Plaintiff(s) have overwhelmingly exhausted the DOC-SCCC Grievance process as clearly and conclusively evidenced by Appendix pages (198-267), of which also evidences Defendant(s) callous disregard and deliberate indifference to Inmate safety and welfare free from improper serious health risk as herein alleged; carried out and accomplished by vehicle of Defendant(s) agreement and acting in concert with one another to deprive Plaintiff(s) of access to our courts rights for the purpose of seeking relief and redress.

Page 4

## SCCC DISH CLEANING PROCESS SPREADS CONTAGIOUS VIRUSES

The SCCC three compartment Food Service dish cleaning process, allegedly approved by the Washington State Health Department, creates a vehicle of transmission for contagious diseases and viruses such as the deadly Coronavirus that has no vaccine to prevent it, of which has recently killed numerous elderly people at care centers in the State of Washington. Said Coronavirus is especially deadly to elderly persons such as the elderly Inmates currently incarcerated at Stafford Creek Corrections Center.

It is well established that Coronavirus can be transferred from one host to another by vehicle of a person touching an object that someone infected with Coronavirus had touched, such as Inmates working in food service touching the food trays, sporks, and cups when conducting the three compartment dish cleaning process.

Said three department dish cleaning process used at SCCC Food Services is as follows: (1) The food trays, sporks and cups are placed in the SCCC dish pit area by Inmates when they finish eating off of them; (2) The dishes (food trays, sporks and cups) are then sprayed off by an Inmate handling them and given to Inmate at the soap compartment where that Inmate is supposed to scrub them; (3) the dishes are then lifted out of the soap cleaning tank with the grease and soap floating on the top being reintroduced to the dishes and then dipped in the so-called rinse tank which is continually polluted with grease and soap residue transferred from the soap tank; (4) An Inmate then lifts the dishes out of the rinse tank and in doing so reintroduces the grease and soap residue floating on top of the rinses tank; (5) The dishes are then submerged in the sanitizer tank for a few seconds contaminating and diluting the sanitizer with the soap and grease residue introduced from the soap and rinse tanks, thereby neutralizing the sanitizing function which is supposed to kill harmful bacteria and viruses; (6) The dishes are then placed on drying racks where the grease residue and soap coating the dishes remains undried on the dishes; (7) The directions on the sanitizer state that: (a) it is very caustic and harmful when ingested and/or has contact with the eyes; (b) the directions state to not use the sanitizer on porous surfaces such as the food trays, sporks, and cups used at SCCC Food Service; (c) the dishes must be submerged in the sanitizer for sixty seconds in order to kill the harmful bacteria and virus germs; all of which results in the functional purpose of the sanitizer being non-existent with all of the harm caused by forcing Inmates to ingest the contaminated sanitizer, soapy, greasy residue that is replete with any harmful bacteria and/or virus germs being forced on Inmates that will undoubtedly cause every Inmate at SCCC to be injured, and maybe killed, by the Coronavirus.

(12) Plaintiff(s) herein allege all of the material facts encompassed in attached Exhibit (18), (Appendix pages 271-284), that Defendants William Lane, Chandler Martin, Randal Miekler, Richard Estes, and Doug Matthews, in concert with one another, and with others, are engaged in conduct that places Plaintiff(s) at substantial unnecessary risk of being infected with coronavirus by not wearing facial coverings in violation of Governor Inslee's directive to wear a mask except when eating or drinking while at SCCC, setting the hot water temperature so high that Inmates have to crowd to take shower in violation of the six foot distance mandate, and to either not eat meals at the SCCC dinning hall or be forced to sit within thirty inches of another Inmate across the table without masks while eating, see pages (271-284).

(13) Plaintiff(s) herein allege all of the material facts encompassed in attached Exhibit (19), (Appendix pages 285-341), that Defendants Donald Miller, David Partivi, and Jason Couey have participated in an unlawful conspiracy with other herein named Defendant(s), to accept approximately two hundred thousand dollars a year, to not provide Plaintiff(s) legal assistance with purpose to deprive Plaintiff(s) access to our courts, to deny certain herein named Plaintiffs their right to enjoy the legal assistance of Alvin Hegge, as an overt act in furtherance of the conspiracy's objective to interfere with, obstruct and prevent Inmates from providing legal assistance to each other; thereby, inter alia, resulting in Plaintiffs Alvin Hegge, Jeffrey Ziegler, Brian Garvie and other Plaintiff(s), being unlawfully false imprisoned, for example: the State of Washington does not have competent jurisdiction over the incarceration of Alvin Hegge based on Interstate Agreement on Detainers violations, see Appendix pages (296-312); the State of Washington does not have competent jurisdiction over the incarceration o Jeffrey Ziegler based on relinquishment of criminal jurisdiction by vehicle of involuntary transfer outside the sovereign boundaries of the State of Washington with no valid due process to regain criminal jurisdiction; and the State of Washington lacks competent jurisdiction over the incarceration of Brian Garvie because he has already served the maximum sentence that could lawfully be imposed; to which the contract attorney Defendant(s) have refused to provide legal assistance therefor, see Appendix pages (285-341), in addition to the other attached Exhibits.

(14) Plaintiff(s) herein allege all of the material facts encompassed in attached Exhibit (20), (Appendix pages (342-383), that Defendants Jay Inslee, Robert Ferguson, Tim Thrasher, Steven Sinclair, John Aldana, Tomas P. Fithian, Ron Haynes, Jeneva Cotton, Scott Russell, Daniel Van Ogle, and others were all given Notice of the ongoing conspiracy to obstruct justice and deprive Plaintiff(s) of their clearly established statutory and constitutional rights within the zone of interest of Title 42 U.S.C. § 1985(2-3)

Page 1

and said Defendant(s), having the power to do so, failed to attempt to prevent said constitutional wrongs that were proximately causing Plaintiff(s) substantial injury, in violation of Title 42 U.S.C. § 1986, see Appendix pages (342-348); along with named Defendant(s) Richard Creatura and Tyler Compbell "having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 USCS § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do," have violated the spirit, intent and subject matter zone of interest of Title 42 U.S.C. § 1986, see Appendix pages (348-383); which includes returning a check from Alvin Hegge to pay for his share of the filings fee, see Appendix pages (382-383).

(15) As clearly and conclusively evidenced by attached Appendix (101-119), the seizure of Plaintiff(s) legal files and records as an overt act in furtherance of Defendant(s) participation in a conspiracy to obstruct justice and deny Plaintiff(s) their clearly established statutory and constitutional right of access to our courts, conclusively results in Defendant(s) individual capacity liability in the civil rights action. As further clearly and conclusively evidenced by attached Appendix pages (78-100), entitled "CITIZEN CRIMINAL COMPLAINT UNDER PROVISIONS OF CrRLJ 22.1(c) FOR VIOLATIONS OF: RCW 9A.80.010; RCW 42.20.100; RCW 9A.28.040; RCW 9A.08.020; RCW 9A.56.050; RCW 9A.56.170; RCW 9A.76.175; RCW 42.20.040; RCW 42.20.050; RCW 9A.67.090; RCW 9A.72.150; RCW 9A.72.120, of which are all Washington State Criminal statutes alleged to have been violated by the therein named Defendant(s), see Appendix pages (78-92), who for the most part are Defendant(s) in this Civil Rights Complaint, results in only individual capacity legal personage where there is no applicability of any of the immunity doctrines. This is especially true when as in this Civil Rights Complaint, inter alia, under the subject matter zone of interest of Title 42 U.S.C. § 1985(2-3) to which the federal criminal counter part is Title 18 U.S.C. §§ 241 and 242, among violations of numerous other federal criminal statutes germane to this action, cf., Popasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)("As the Court explained in Young [Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)] itself: 'If the act which the State Attorney General seeks to enforce be a violation of the Federal Constitution the officer proceeding under such enactment comes into conflict with the superior authority of the Constitution, and he is in that case stripped of his official representative character and is subjected in his person to the consequences of his individual conduct. The state has no power to impart to him any immunity from responsibility to the supreme authority of the United States. Id. at 159-160, 52 L.Ed. 714, 28 S.Ct. 441. Thus, the official although acting in his official capacity, may be sued in federal court").

Page 2

## FIRST CAUSE OF ACTION

Plaintiff(s) allege that Defendant(s) herein challenged conduct violated, and continues to violate, Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights of the United States Constitution's rights and protections to be incarcerated in a reasonable safe environment, by forcing Plaintiff(s) to ingest harmful and cancer causing pesticide sanitizer contaminating food trays, cups and sporks that is mixed in with the greasy residue left on eating trays, cups and sporks.

1.1 As evidenced by above SYNOPSIS OF EXHIBITS IN SUPPORT OF CAUSES OF ACTION, Defendant(s) opted to remove the dishwasher at SCCC Kitchen food services, apparently proximately caused by a contract between WA-DOC and Correctional Industries, which is licensed as a municipality, and replaced the dishwasher with a system of cleaning the dishes by scrubbing them in a tank of soapy water, then dipping the dishes in a tank of rinse water, followed by dipping the dishes in a tank filled with pesticide sanitizer.

1.2 Following the removal of the dishwasher and implementation of the three tank dish cleaning process, Defendant(s) began getting periodically diarrhea and vomiting, along with other adverse affects, in epidemic proportions of the prison population.

1.3 Defendants then implemented a serving food on paper plates for the prison staff, evidencing consciousness of guilt by Defendant(s), who to this date do not feed prison staff off of dishes cleaning said three tank process.

1.4 Plaintiff(s) made Defendant(s) aware that they were getting sick, that the grease and food residue was not being removed from the dishes because the food trays, sporks and cups were greasy wet and wiped with a clean napkin, showed that food such as pasta sauce turned the napkin red; culminating in the SCCC Grievance Department investigating and finding that inadequate cleaning of the dishes was causing Inmates to get sick, thereby directing the SCCC Food Service to do a better job cleaning the dishes.

1.5 SCCC Food Service ignored the fact that the dishes were not being cleaned properly, but instead enlisted the assistance of the SCCC Grievance Department personnel to reject any Inmate complaints and to cause Plaintiff(s) who filed Grievances against the flawed three tank dish cleaning process to be retaliated against by prison staff, and to work in concert with other prison officials to confiscate legal documents from Alvin Hegge and other Plaintiff(s) that would advance litigation against the inadequate and dangerous dish cleaning process.

Page 1

1.6 Defendant(s) do not deny Plaintiff(s) allegations and admit that the three tank dish cleaning process being used creates the alleged health hazard, however, although DOC Headquarters acknowledges the problems with the three tank dish cleaning process, DOC Headquarters justifies inaction in correcting the problem by stating, "You suggested remedy reinstall dishwashers has unsuccessfully been attempted by the SCCC Food Manager," in a Generic Grievance filed by Plaintiff(s), Log I.D. Number 19684310.

1.7 Defendant(s) have consistently ignored the undeniable health hazard created by failure to adequately clean and sanitize the dishes, and consistently rely on the "this method is approved by the WA State Department of Health," see Log I.D. Number 19682424, Appendix page 266, in pertinent part:

> The newly implemented dish cleaning procedure signed by Inmate Kitchen workers at SCCC kitchen, creates an unconstitutional health hazard because when the Inmates lift the trays, sporks and cups out of the soapy scrub water, the soap and grease floating on top of the water is reintroduced to the trays, for example, then the trays are dipped in the rinse water where the soap and grease film stays floating on top of the rinse water and is again reintroduced to the food trays, that are then submerged in the sanitizer tank, diluting and neutralizing the potency of the sanitizer, thereby not killing the harmful bacteria that the sanitizer was meant to kill; that have a grease film contaminated with detergent and sanitizer which is unacceptable and substantial health hazard including but not limited to, causing me to have symptoms of food poisoning, vomiting, diarrhea, along with grave potential for long term adverse effects such as cancer.

> SUGGESTED REMEDY:
> Either install a diswasher or establish a dish washing procedure that does not reintroduce the detergent and grease film that is inherently floating on top of the wash and rinse tank so that no detergent residue or grease film is transferred into the sanitizer tank; and create a system to where the dishes are checked to make sure there is not greasy film left on them and that they are thoroughly dried prior to me eating off of them.

> PART B - LEVEL I RESPONSE
> SCCC food service uses a three compartment sink method ... this method is approved by the WA State Department of Health. All incarcerated individuals who are assigned to the dish tanks are given training in this process as well as refresher training every two to three months....

Page 2

## SECOND CAUSE OF ACTION

Plaintiff(s) allege that Defendant(s) herein challenged conduct violated, and continues to violate, Plaintiff's First, Fifth and Fourteenth Amendment rights of the United States Constitution's rights and protection to be free from retaliation by Defendant(s) with purpose to chill, interfere with, and obstruct Plaintiff(s) access to our courts rights to challenge Defendant(s) unlawful conduct regarding forcing Plaintiff(s) to ingest Harmful and cancer causing pesticide sanitizer contaminating food trays, cups and sporks at the SCCC dinning hall, that is mixed in with the greasy residue left on eating trays, cups and sporks.

2/1 As evidenced by above SYNOPSIS OF EXHIBITS IN SUPPORT OF CAUSES OF ACTION, Defendant(s) all participated in a conspiracy to retaliate against any Inmate who attempted to challenge the unlawful and unconstitutional three tank dish cleaning process in the SCCC Kitchen, of which forces Inmates to ingest harmful and cancer causing pesticide sanitizer contaminating food trays, cups and sporks.

2.1 SCCC prison staff in concert with the SCCC Grievance department have a well established pattern of working together to deter SCCC Inmates from challenging any prison staff policy or conduct, no matter how patently unlawful and/or unconstitutional they are.

## THIRD CAUSE OF ACTION

Plaintiff(s) allege that Defendant(s) herein challenged conduct violated, and continues to violate, Plaintiff's First Amendment right of access to our courts, and Fourth Amendment right to be free from unlawful seizure of Plaintiff(s) legal property, of the United States Constitution's rights and protections, by seizing the legal files and records necessary to further the litigation already in progress, and by unlawfully destroying portions of said legal files and records.

3.1 As evidenced by above SYNOPSIS OF EXHIBITS IN SUPPORT OF CAUSES OF ACTION, Defendant(s) acting in concert with one another, have seized a substantial portion of the legal files and records underlying the litigation regarding the "UNLAWFUL AND UNCONSTITUTIONAL USE OF POISONOUS CHEMICALS TO SANITIZE POROUS INMATE FOOD TRAYS," and have not return it all to this date, of which in and of itself, may constitute a separate and distinct cover-up conspiracy, which will be a jury question material fact at issue to be resolved at trial by jury on the merits in this lawsuit.

3.2 Defendant(s) unlawful practice of preventing Inmates from working together to litigate legal actions against prison officials, such as challenging the unconstitutional risk to Plaintiff(s) health by forcing them to ingest pesticide residue on eating trays, cups and sporks.

Page 3

3.3 As part of Defendant(s) conspiracy objectives, Defendant(s) issue prisoners who attempt to work together to challenge prison staff conduct, serious infractions in attempt to deter Inmates from working together to challenge prison staff conduct.

## FOURTH CAUSE OF ACTION

Plaintiff(s) allege that Defendant(s) herein challenged conduct violated Plaintiff's Fifth Amendment's "takings clause" protection against seizure by government without just compensation; and the Fourteenth Amendments due process and equal protection clause by seizing and disposing of Plaintiff's legal property without due process of law.

4.1 As evidenced by above SYNOPSIS OF EXHIBITS IN SUPPORT OF CAUSES OF ACTION, Defendant(s) acting in concert with one another, have seized legal files and records necessary to adequately advance the litigation concerning the Five Causes of Action herein presented, thereby said "taking" within the meaning of the Fifth Amendment of the Constitution of the United States, must be compensated for based on the amount of ongoing harm Plaintiff(s) suffer, so the sooner Defendant(s) return the seized legal files and records underlying this Civil Rights Complaint, the sooner the ongoing "taking" injury will subside.

## FIFTH CAUSE OF ACTION

Plaintiff(s) allege that Defendant(s) herein challenged conduct violated Article I, § 7 of the Washington Constitution in that Defendant(s) carried out their herein challenged conduct without authority of law, as well as in violation of clearly established Federal statutory and constitutional law.

5.1 As evidenced by above SYNOPSIS OF EXHIBITS IN SUPPORT OF CAUSES OF ACTION, Defendant(s) had no "lawful authority" to seized the legal files and records underlying the legal action regarding the unlawful and unconstitutional use of pesticide sanitizer contaminating food trays, see Appendix page (96) "INMATE RIGHT TO POSSESS OTHER INMATE LEGAL MATERIAL," page (96-1) "RIGHT OF GROUP PETITION IS A CONSTITUTIONAL GUARANTEE," page (97) "UNCONSTITUTIONAL "PRIOR RESTRAINT" ON SPEECH."

5.2 In addition, Plaintiff(s) herein advance the legal personage position that Article I, § 7 of the Washington Constitution applies and provides more rights and protections than the Fourth Amendment of the United States Constitution, applicable to the Federal Constitutional protections under the Fourteenth Amendment, in part because the Washington State prison system unlawfully charges Inmates cost of incarceration which includes housing, food, medical, etc., thereby "lawful authority" must be present before any of these accommodations are infringed upon.

Page 4

## SIXTH CAUSE OF ACTION

Plaintiff(s) allege that Defendants' herein challenged conduct, acting in concert with one another with purpose, violated Plaintiffs' First, Fifth, Eighth and Fourteenth Amendments of the United States Constitution by forcing Plaintiff(s) to undergo an unconstitutional risk of being infected with the deadly coronavirus, displaying deliberate indifference to Plaintiffs' safety in a prison environment where Plaintiff(s) have no control.

6.1 Plaintiff(s) herein allege that Defendants William Lane, Chandler Martin, Randal Miekler, Richard Estes, and Doug Matthews, in concert with one another, and with others, are engaged in conduct that places Plaintiff(s) at substantial unnecessary risk of being infected with coronavirus by not wearing facial coverings in violation of Governor Inslee's directive to wear a mask except when eating or drinking while at SCCC, setting the hot water temperature so high that Inmates have to crowd to take shower in violation of the six foot distance mandate, and to either not eat meals at the SCCC dinning hall or be forced to sit within thirty inches of another Inmate across the table without masks while eating, see pages (271-284); in violation of the First, Fifth, Eighth and Fourteenth Amendments of United States Constitution.

6.2 Herein named supervisory Defendant(s) were given Notice of the herein alleged constitutional wrongs and failed to take affirmative action to prevent furtherance of said constitutional wrongs in a concerted effort to cause Plaintiff(s) injury in violation of Title 42 U.S.C. §§ 1985 and 1986, and clearly established federal statutory and constitutional law..

## SEVENTH CAUSE OF ACTION

Plaintiff(s) allege that Defendant(s) herein challenged conduct violated the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution based on the alleged material fact that Defendants Donald Miller, David Partivi, and Jason Couey have participated in an unlawful conspiracy with other herein named Defendant(s), to accept approximately two hundred thousand dollars a year, to not provide Plaintiff(s) legal assistance with purpose to deprive Plaintiff(s) access to our courts, and to deny certain herein named Plaintiffs their right to enjoy the legal assistance of Alvin Hegge, as an overt act in furtherance of the conspiracy's objective to interfere with, obstruct and prevent Inmates from providing legal assistance to each other; thereby, inter alia, resulting in Plaintiffs Alvin Hegge, Jeffrey Ziegler, Brian Garvie and other Plaintiff(s), being unlawfully false imprisoned.

7.1 The State of Washington does not have competent jurisdiction over the incarceration of Alvin Hegge based on

Page 5

Interstate Agreement on Detainers violations, see Appendix pages (296-312);

7.2 The State of Washington does not have competent jurisdiction over the incarceration of Jeffrey Ziegler based on relinquishment of criminal jurisdiction by vehicle of involuntary transfer outside the sovereign boundaries of the State of Washington with no valid due process to regain criminal jurisdiction;

7.3 The State of Washington lacks competent jurisdiction over the incarceration of Brian Garvie because he has already served the maximum sentence that could lawfully have been imposed; to which the contract attorney Defendant(s) have refused to provide legal assistance therefor, see Appendix pages (285-341), in addition to the other attached Exhibits.

## EIGHTH CAUSE OF ACTION

Plaintiff(s) allege that Defendant(s) herein challenged conduct violated Plaintiff(s) First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights that are guaranteed and protected by the Constitution of the United States, based on the alleged material fact that Defendants Jay Inslee, Robert Ferguson, Tim Thrasher, Steven Sinclair, John Aldana, Tomas P. Fithian, Ron Haynes, Jeneva Cotton, Scott Russell, Daniel Van Ogle, and others were all given Notice of the ongoing conspiracy to obstruct justice and deprive Plaintiff(s) of their clearly established statutory and constitutional rights within the zone of interest of Title 42 U.S.C. § 1985(2-3) and said Defendant(s), having the power to do so, failed to attempt to prevent said constitutional wrongs that were proximately causing Plaintiff(s) substantial injury, in violation of Title 42 U.S.C. § 1986, see Appendix pages (342-348).

8.1 Along with named Defendant(s) Richard Creatura and Tyler Compbell "having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 USCS § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do," have violated the spirit, intent and subject matter zone of interest of Title 42 U.S.C. § 1986, see Appendix pages (348-383); which includes cancelling and returning a check from Alvin Hegge to pay for his share of the filings fee, see Appendix pages (382-383).

8.2 The herein named Defendant(s) alleged participation in an unlawful conspiracy under the subject matter zone of interest of Title 42 U.S.C. § 1985(2-3), of which have the criminal counterpart of 18 U.S.C. §§ 241 and 242 makes any of the immunity doctrines such as qualified immunity, prosecutor immunity, judicial immunity, qualified immunity and/or any other relevant civil immunity inapplicable.
Page 6

## NINTH CAUSE OF ACTION

IX. DEFENDANT(S) MICHELLE PETERSON AND BARBARA ROTHSTEIN ARE GUILTY OF PARTICIPATING IN A TITLE 42 U.S.C. § 1986 CONSPIRACY TO OBSTRUCT JUSTICE AS AN OVERT ACT IN FURTHERANCE OF THE ABOVE IDENTIFIED § 1985(2-3) CONSPIRACY BY WILLFULLY NEGLECTING TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 5.1 AND 28 U.S.C. §2403 REQUIREMENT TO CERTIFY THE CONSTITUTIONAL QUESTIONS TO THE UNITED STATES DEPARTMENT OF JUSTICE ALLEGING LACK OF DISTRICT COURT JURISDICTION TO EXERCISE ARTICLE III JURISDICTION WITHOUT FIRST SERVING THE NAMED DEFENDANT(S) AND DEFENDANT(S) MICHELLE PETERSON, AND BARBARA ROTHSTEIN ARE ALSO GUILTY OF VIOLATING CRIMINAL LAW §§ 18 U.S.C. 241 AND 242 WHICH ARE CIVIL COUNTERPARTS TO TITLE 42 U.S.C. § 1985(2) AND (3) THEREBY RENDERING JUDICIAL IMMUNITY INAPPLICABLE BECAUSE OBSTRUCTING THE JUSTICE THEY WERE SWORN TO UPHOLD IS SIMPLY NOT WITHIN THE SCOPE OF JUDGE'S DUTIES THEY WERE SWORN TO UPHOLD AND NOT WITHIN THE SCOPE OF A JUDGE'S DUTIES UNDER THE SUPREME COURT'S FUNCTIONAL ANALYSIS NOTWITHSTANDING DEFENDANT(S) MICHELLE PETERSON AND BARBARA ROTHSTEIN WERE MADE AWARE THROUGH EXTENSIVE PLEADINGS THAT THEY LACKED COMPETENCY TO EXERCISE ARTICLE III JURISDICTION OVER THE SUBJECT MATTER WITHOUT FIRST SERVING DEFENDANT(S) WHICH IS WELL ESTABLISHED LAW.

9.1. Plaintiff(s) filed a NOTICE OF CONSTITUTIONAL CHALLENGE TO STATE AND FEDERAL STATUTES PURSUANT TO FED.R.CIV.P. 5.1 AND 28 USC § 2403, see Appendix pages (348-352), inter alia, alleging that "SERVICE ON DEFENDANT(S) IS ESSENTIAL CONDITION PRECEDENT TO CONFER COMPETENT JURISDICTION OVER THE SUBJECT MATTER AS IT RELATES TO AND/OR AFFECTS THE UNSERVED DEFENDANT(S)," which was diligently and adamantly pursued throughout all the pleadings in this Civil Rights Complaint; however, Defendant(s) Michelle Peterson and Barbara Rothstein chose to ignore said jurisdictional defect as matter of law as an overt act in alleged conspiracy to obstruct justice culminating in Defendant(s) Michelle Peterson and Barbara Rothstein dismissing this action in violation of clearly established statutory and constitutional law, see above Pages 4-6:

  SERVICE OF PROCESS IS ESSENTIAL CONDITION PRECEDENT
  BEFORE A COURT HAS COMPETENT JURISDICTION OVER THE
  NAMED DEFENDANT(S) AND THE SUBJECT MATTER CONDUCT
  THAT THE DEFENDANT(S) ARE ACCUSED OF COMMITTING.

Pages 11-13,

  JUDICIAL IMMUNITY DOES NOT EXTEND TO DECISIONS OF A JUDGE
  THAT ARE NULL AND VOID FOR LACK OF COMPETENT JURISDICTION.

Page 15-17,

    TITLE 42 U.S.C. § 1985 CONSPIRACY ALLEGATIONS
    STRIPS STATE OFFICIALS OF ANY TYPE OF IMMUNITY.

Page 7                            (31)

## NINTH CAUSE OF ACTION

IX. DEFENDANT(S) MICHELLE PETERSON AND BARBARA ROTHSTEIN ARE
GUILTY OF PARTICIPATING IN A TITLE 42 U.S.C. § 1986
CONSPIRACY TO OBSTRUCT JUSTICE AS AN OVERT ACT IN
FURTHERANCE OF THE ABOVE IDENTIFIED § 1985(2-3) CONSPIRACY
BY WILLFULLY NEGLECTING TO COMPLY WITH FEDERAL RULE OF CIVIL
PROCEDURE 5.1 AND 28 U.S.C. §2403 REQUIREMENT TO CERTIFY THE
CONSTITUTIONAL QUESTIONS TO THE UNITED STATES DEPARTMENT OF
JUSTICE ALLEGING LACK OF DISTRICT COURT JURISDICTION TO
EXERCISE ARTICLE III JURISDICTION WITHOUT FIRST SERVING THE
NAMED DEFENDANT(S) AND DEFENDANT(S) MICHELLE PETERSON, AND
BARBARA ROTHSTEIN ARE ALSO GUILTY OF VIOLATING CRIMINAL LAW
§§ 18 U.S.C. 241 AND 242 WHICH ARE CIVIL COUNTERPARTS TO
TITLE 42 U.S.C. § 1985(2) AND (3) THEREBY RENDERING JUDICIAL
IMMUNITY INAPPLICABLE BECAUSE OBSTRUCTING THE JUSTICE THEY
WERE SWORN TO UPHOLD IS SIMPLY NOT WITHIN THE SCOPE OF
JUDGE'S DUTIES THEY WERE SWORN TO UPHOLD AND NOT WITHIN THE
SCOPE OF A JUDGE'S DUTIES UNDER THE SUPREME COURT'S
FUNCTIONAL ANALYSIS NOTWITHSTANDING DEFENDANT(S) MICHELLE
PETERSON AND BARBARA ROTHSTEIN WERE MADE AWARE THROUGH
EXTENSIVE PLEADINGS THAT THEY LACKED COMPETENCY TO EXERCISE
ARTICLE III JURISDICTION OVER THE SUBJECT MATTER WITHOUT
FIRST SERVING DEFENDANT(S) WHICH IS WELL ESTABLISHED LAW.

9.1. Plaintiff(s) filed a NOTICE OF CONSTITUTIONAL CHALLENGE
TO STATE AND FEDERAL STATUTES PURSUANT TO FED.R.CIV.P. 5.1
AND 28 USC § 2403, see Appendix pages (348-352), inter alia,
alleging that "SERVICE ON DEFENDANT(S) IS ESSENTIAL
CONDITION PRECEDENT TO CONFER COMPETENT JURISDICTION OVER
THE SUBJECT MATTER AS IT RELATES TO AND/OR AFFECTS THE
UNSERVED DEFENDANT(S)," which was diligently and adamantly
pursued throughout all the pleadings in this Civil Rights
Complaint; however, Defendant(s) Michelle Peterson and
Barbara Rothstein chose to ignore said jurisdictional defect
as matter of law as an overt act in alleged conspiracy to
obstruct justice culminating in Defendant(s) Michelle
Peterson and Barbara Rothstein dismissing this action in
violation of clearly established statutory and
constitutional law, see above Pages 4-6:

SERVICE OF PROCESS IS ESSENTIAL CONDITION PRECEDENT
BEFORE A COURT HAS COMPETENT JURISDICTION OVER THE
NAMED DEFENDANT(S) AND THE SUBJECT MATTER CONDUCT
THAT THE DEFENDANT(S) ARE ACCUSED OF COMMITTING.

Pages 11-13,

JUDICIAL IMMUNITY DOES NOT EXTEND TO DECISIONS OF A JUDGE
THAT ARE NULL AND VOID FOR LACK OF COMPETENT JURISDICTION.

Page 15-17,

TITLE 42 U.S.C. § 1985 CONSPIRACY ALLEGATIONS
STRIPS STATE OFFICIALS OF ANY TYPE OF IMMUNITY.

9.2. Defendant(s) Michelle L. Peterson and Barbara J.
Rothstein are guilty of evidencing deliberate indifference
to Plaintiff(s) serious medical needs in violation of the
Eighth Amendment and deprived Plaintiff(s) of due process of
law under the Fourteenth Amendment of the United States
Constitution; proximately causing Plaintiff(s) to be forced
to ingest cancer causing pesticides as alleged above,
resulting in serious and substantial injury to Plaintiff(s)
body organs such as liver and kidney; as evidenced by the
fact that Plaintiff(s) imprisoned Alvin Hegge and false
imprisoned Alvin Hegge now is diagnosed with stage three
kidney disease; proximately caused by the unlawful and
unconstitutional delay in adjudication of this Civil Rights
Complaint, cf., Hull v. Kyler, 190 F.3d 88 (7th Cir.
1999)("Typically, when a habeas petition is dismissed
without prejudice, it is treated as if it never existed");
Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5
L.Ed.2d 551 (1961)("Dismissal 'without prejudice'
constitutes a dismissal 'for lack of jurisdiction'");
Nilssen v. Motorola, Inc., 203 F.3d 782 (Fed. Cir.
2000)("Regardless whether the patent claims were dismissed
without prejudice or extinguished by amendment, the effect
was the same: the parties were left in the same legal
position with respect to the patent claims as if they had
never been filed").

## RELIEF SOUGHT

Plaintiff(s) Alvin Hegge am seeking one million dollars
for every year that I am forced to ingest the cancer causing
pesticides as alleged above in this Civil Rights Complaint.

Plaintiff(s) Alvin Hegge is seeking punitive damages in an
amount to be determined by the jury at trial on the merits.

Plaintiff(s) Alvin Hegge is seeking five million dollars
from Defendant(s) Donald Miller, David Partovi, and Jason
Couey who have a separate insurance policy than the other
herein named Defendant(s).

Plaintiff(s) Alvin Hegge is requesting this District Court
to cause to have served this Civil Rights Complaint upon
each above named individual capacity Defendant, as required
by law.

Dated this 30th day of November, 2023.

Respectfully submitted,

By: _Alvin Hegge_
    ALVIN HEGGE